# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Phillip L. Ayers, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-835 |
| | § | |
| Open Sky Capital Bank, et al., | § | |
|     *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge to conduct the conference under Federal Rule of Civil Procedure 16. The court *sua sponte* recommends this case be **DISMISSED** for failure to prosecute

### *1.  Background*

This case was set for an initial conference to be held on May 15, 2025, which was then reset to June 20, 2025. ECF Nos. 4 and 6. Notice of resetting was mailed to the physical address that Plaintiff gave when he filed this lawsuit. ECF No. 1 at 4. Plaintiff did not appear at the initial conference. *See* Docket Entry dated 6/20/2025. The mailed notice of resetting was later returned to the Clerk's Office as undeliverable and unable to be forwarded. ECF No. 10.

The court then set a hearing for the Plaintiff to appear via Zoom and show cause why his case should not be dismissed for want of prosecution. ECF No. 7. The Clerk's Office mailed a hard copy of the order to Plaintiff by certified mail, return receipt requested, to the physical address listed in Plaintiff's complaint. *See* ECF Nos. 1 at 4, and 11. The mailed order to show cause was returned to the Clerk's Office as undeliverable and unable to be forwarded. ECF Nos. 10, 11. Two days before the show-cause

hearing, the court's case manager emailed the hearing Zoom link to the email address provided by Plaintiff, philly1.montana@gmail.com. ECF No. 1 at 4. Plaintiff did not appear at the scheduled hearing.

The court issued an order setting a final show-cause hearing for August 28, 2025, requiring the Plaintiff to appear in person to show why his case should not be dismissed. ECF No. 12. The order included a warning: "***If Plaintiff fails to appear at the hearing, the undersigned will recommend that this case be immediately dismissed with no further notice or hearing.***" *See* ECF No. 12 at 2 (emphasis in original). The order was docketed on the court's CM/ECF system. The Clerk's Office mailed a hard copy of the order to Plaintiff by certified mail, return receipt requested, to the physical address that Plaintiff gave when he filed this lawsuit. *See* ECF Nos. 1 at 4, and 12. The tracking tool at the U.S. Postal Service webpage shows that the letter was unable to be delivered because the Plaintiff "Moved, Left No Address." The mailed order was returned to the Clerk of Court with a notation that the Postal Service was "unable to forward." ECF No. 14. The hearing was held, and Plaintiff failed to appear.

### 2.  *Legal Standards*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct

2

by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### 3. Analysis
#### a. Clear Record of Delay

Plaintiff is appearing pro se, so he is responsible for all efforts to prosecute this case. Plaintiff has failed to appear at three separate court settings. Other than initiating this lawsuit and filing a motion for default judgment on the same day, Plaintiff has done nothing on the case. Plaintiff has not contacted the court to provide an updated address. Plaintiff did not respond to the two emails the court's case manager sent with Zoom links for the hearings. These facts show a clear record of delay.

#### b. Futility of Lesser Sanctions

The court set two show cause hearings and warned Plaintiff that dismissal would result if he missed the final hearing. Plaintiff is proceeding *in forma pauperis*, so a monetary sanction would not likely provoke any action. There appears to be nothing the court can do to get the Plaintiff's attention on this case. There are no other steps the court can take that will prompt Plaintiff to participate. Lesser sanctions would be futile.

#### c. Aggravating Factors

Plaintiff does not have a lawyer, so any delay can only be attributed to him. The delay in this case can only be characterized

as intentional. Plaintiff has failed to appear for three court ordered hearings and has made no attempt to communicate with the court or opposing counsel.

### *4.  Conclusion*

For the foregoing reasons, the court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 29, 2025.

_____
Peter Bray
United States Magistrate Judge